In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-3167

DAMON TURNAGE,

*Plaintiff-Appellant,*

*v.*

THOMAS J. DART, SHERIFF OF COOK COUNTY; and COOK COUNTY, ILLINOIS,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-cv-11672 — **Charles R. Norgle**, *Judge.*

ARGUED OCTOBER 5, 2021 — DECIDED OCTOBER 26, 2021

Before EASTERBROOK, KANNE, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Damon Turnage contends that on September 21, 2016, he fell from an upper bunk at Cook County Jail and suffered a broken ankle plus other injuries. He seeks damages under §202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and §504 of the Rehabilitation Act, 29 U.S.C. §794(a), on the ground that the Jail knew that he is subject to occasional seizures but failed to enforce his lower-

bunk permit (which had been issued to reduce the risk of falling during a seizure).

Federal law requires prisoners to pursue administrative remedies, see 42 U.S.C. §1997e(a), and this means taking available steps prescribed by the institution. See, e.g., *Ross v. Blake*, 136 S. Ct. 1850 (2016). Cook County Jail requires prisoners to file grievances within 15 days of an "incident, problem, or event" and to appeal any adverse decision. Turnage filed a grievance on September 27, six days after his fall, and filed an immediate appeal after that grievance was denied. The district court nonetheless dismissed his suit under §1997e(a), observing that Turnage could have filed a grievance even earlier—within 15 days of August 30, 2016, when he was placed in a two-person cell and forced to take an upper bunk because the other inmate also had a lower-bunk permit (or claimed to have one). In the district court's view, failure to file a grievance about the *risk* of injury permanently blocks any complaint about *actual* injury when the risk comes to pass.

Perhaps it would be possible for a prison system to write its rules that way, but Cook County Jail did not do so. It permits a grievance following any "incident, problem, or event". Turnage encountered a "problem" on August 30, when he was placed in an upper bunk. Then he experienced an "incident" and an "event" on September 21, when he fell out. These were separate occasions for grievances, and we do not see anything in the rules that makes omission of the first possible grievance a bar to filing a later grievance.

Turnage is using the ADA and the Rehabilitation Act to pursue, in federal court, what is effectively a state-law tort claim. And there is no tort without injury. *Rozenfeld v. Medical Protective Co.*, 73 F.3d 154, 156 (7th Cir. 1996). These statutes

may be available to protest exposure to unjustified risks, but a prisoner or other litigant is free to wait until the risk comes to pass. Forget about §1997e(a) for a moment and suppose that Turnage had filed a common-law tort suit on September 10, 2018, more than two years after his placement into an upper bunk but less than two years after his fall and injury. (Two years is a normal limit for tort suits.) A court would deem that suit timely, because injury, coupled with knowledge of its cause, marks the claim's accrual. See *United States v. Kubrick*, 444 U.S. 111 (1979). For the same reason, a grievance that is timely with respect to an injury satisfies §1997e(a) when the suit seeks damages for that injury.

Defendants do not cite, and we could not find, any decision holding that, when two events could be the subject of intra-prison grievances, a grievance filed after the second event always is untimely. That rule would be incompatible with normal principles of tort law. We need not decide whether it could be adopted by clear language in prison rules. It is enough to say that the Jail did not specify such a rule.

Nor did officials at the Jail think that such a rule exists there. They did not reject Turnage's grievance on the ground that it had been filed too late. Instead they addressed and rejected it on the merits, as did the Jail's appellate tier. *Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011), shows that a grievance rejected on the merits must be deemed properly filed for the purpose of §1997e(a).

Turnage has exhausted the administrative remedies available to him. The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.